UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, SAN DIEGO REGION, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  21cv1749 JM (JLB)<br><br>**ORDER ON JOINT MOTION TO STAY** |

Presently before the court is the Parties' Joint Motion to Stay the Case. (Doc. No. 28).  Having considered the Parties' arguments, the court rules as follows.

### BACKGROUND

The instant action arises from an administrative order issued by the Regional Water Quality Control Board, San Diego Region ("Regional Board")—Order No. R9-2021-0001, NPDES No. CA0108928 ("the Permit").  The United States seeks a writ of mandate under California Code of Civil Procedure § 1094.5 to set aside certain provisions of the Permit.

On January 18, 2022, the court granted the Parties' Joint Motion setting a timeline and procedure for producing the administrative record in this case, settling any disputes

with respect to the administrative record, and for the Parties to file their Motions for Summary Judgment. (Doc. No. 20 at 2).

On March 8, 2022, Plaintiff filed its Motion for Summary Judgment. (Doc. No. 23). On April 26, 2022, the court granted the Parties' motion to extend the briefing deadlines as the Parties pursued continued settlement negotiations. (Doc. No. 27 at 1). On June 13, 2022, the Parties filed the instant Joint Motion to Stay the case as a result of these negotiations. (Doc. No. 28).

## LEGAL STANDARD

District courts have inherent power to stay proceedings. The power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Using this power "calls for the exercise of judgment, [by] which [courts] must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The competing interests the court considers include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## ANALYSIS

In the instant Motion, the Parties request that the court stay this action for two-hundred days to provide the Parties "with the time needed to finalize and effectuate the tentative agreement that they have reached to resolve this litigation." (Doc. No. 28 at 2). Specifically, the Parties represent that they have engaged in "repeated, diligent, and complex negotiations aimed at revising certain provisions" of the Permit *Id.* As a result, the Parties state they have reached a tentative agreement in which this case would be resolved if—following a mandatory notice and comment process—the Parties' agreed-upon revisions were incorporated into the Permit. *Id.* The Parties, therefore, request the

stay in order to: (1) allow individuals with formal settlement authority to review and potentially approve these revisions; and (2) allow time for the Regional Board to go through the administrative process necessary to amend the Permit. *Id.*

With respect to their request for two-hundred days, the Parties anticipate needing: (1) sixty-days to draft the final settlement agreement and obtain formal approval by individuals with final settlement authority; and (2) one-hundred and forty days for the Regional Board to complete the process for potentially adopting the agreed-upon revisions to the Permit. *Id.* at 3. The Parties note that in these one-hundred and forty days, the Regional Board must perform a variety of tasks, including: (1) drafting the proposed amendments; (2) providing public notice; (3) allowing for public comment; (4) responding to significant public comments; and (5) conducting a public hearing. *Id.*

For good cause shown, the court **GRANTS** the Parties' Joint Motion. The court agrees staying these proceedings may ensure the most efficient means of resolving this case. At a minimum, allowing the Parties to potentially finalize their settlement could streamline and narrow the disputed issues. The court, therefore, **ORDERS** as follows:

1. The instant case is hereby **STAYED** until **January 3, 2023**.

2. The Parties are **DIRECTED** to file a Joint Status Report to the court every thirty-days regarding the status of their settlement, including: (1) the Parties' progress in obtaining final approval; and (2) if final approval is obtained, the status of the Regional Board's administrative process to amend the Permit. The first such joint report should be filed no later than **July 18, 2022**.

**IT IS SO ORDERED.**

DATED: June 16, 2022

JEFFREY T. MILLER
United States District Judge